UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEX JESUS LOPEZ CEVALLOS,

Petitioner,

v. Case No. 3:26-cv-3077-MMH-SJH

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

**TEMPORARY RESTRAINING ORDER**

Petitioner Alex Jesus Lopez Cevallos, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1; Petition) on November 6, 2026. Lopez Cevallos argues, inter alia, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act. Id. at 13–18. As relief, he asks the Court to direct Respondents to release him or alternatively, provide him with an individualized bond hearing. Id. at 19.

Along with the Petition, Lopez Cevallos filed an Ex Parte Application for Temporary Restraining Order (Doc. 2; Application). In the Application, he asks the Court, inter alia, to order his immediate release or alternatively, direct Respondents to provide him with a bond hearing and enjoin Respondents from

transferring him outside of the Middle District of Florida during the pendency of this case. Id. at 6–7.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Ga., 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Upon review of the record, the Court finds that Lopez Cevallos has shown a substantial likelihood of success on his claim that his mandatory detention without an individualized bond hearing is unlawful. And considering the

allegations in the Application and Petition, the Court finds that a temporary restraining order to maintain the status quo is warranted. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Lopez Cevallos's transfer outside of this Court's jurisdiction could delay the Court's adjudication of this case.[1] If he is ultimately granted the relief he seeks (release from ICE custody), he may incur costs and potentially face difficulties in returning home. The exigency of Lopez Cevallos's potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. As such, the Application is granted to the extent that the Court will enjoin Respondents from removing Lopez Cevallos from the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Lopez Cevallos provide security under Rule 65(c),

---

[1] However, the Court rejects Lopez Cevallos's argument that a transfer would affect this Court's jurisdiction. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); see also Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian.").

Federal Rules of Civil Procedure (Rule(s)). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)"). However, to the extent Lopez Cevallos seeks the substantive relief requested in the Petition (immediate release or a bond hearing), his request is due to be denied. Temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint." Fernandez-Roque 671 F.2d at 429.

Accordingly, it is

**ORDERED**:

1. Lopez Cevallos's Ex Parte Application for Temporary Restraining Order (Doc. 2) is **GRANTED to the extent** that Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Lopez Cevallos from the Middle District of Florida up to and including **November 23, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived. The Application (Doc. 2) is **DENIED** to the extent Lopez Cevallos seeks the substantive relief requested in the Petition.

2. The **Clerk of Court** shall send a copy of the Petition (Doc. 1), the Application (Doc. 2), Declaration (Doc. 3), and this Order by **e-mail** to the

United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov; OPLAORLFEDLIT@ice.dhs.gov) and the Office of the Attorney General (oag.civil.eserve@myfloridalegal.com); and by **first-class mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530. All costs of service shall be advanced by the United States.

3. Upon consideration of the file, the Court will consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits.[2] See Fed. R. Civ. P. 65(a)(2) ("Before or after the beginning of the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). Therefore, by **November 13, 2026**, Respondents shall respond to the request for a preliminary injunction and show cause why the Petition should not be granted.

[2] While Lopez Cevallos's Application only explicitly seeks entry of a temporary restraining order, he also requests the Court enjoin Respondents from transferring him outside of this District while this action is pending and enter an order to show cause why a preliminary injunction should not issue. See Application at 7. A temporary restraining order ordinarily grants relief for no more than 14 days. See Fed. R. Civ. P. 65(b)(2). Given the relief Lopez Cevallos seeks may extend beyond the 14 days, the Court construes the Application as seeking entry of a preliminary injunction as well.

4. If Lopez Cevallos is removed from the United States or otherwise released from custody, Respondents must file a notice within **3 days** of Lopez Cevallos's change in custody.

5. After Respondents file a response, Lopez Cevallos may file a reply to Respondents' response by **November 17, 2026**.

6. Lopez Cevallos must keep the Court apprised of his current mailing address at all times, including if he is released

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of November, 2026, at 10:00 a.m.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 11/9
c:
pro se Petitioner