UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEX JESUS LOPEZ CEVALLOS,

Petitioner,

v. Case No. 3:26-cv-3077-MMH-SJH

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Alex Jesus Lopez Cevallos, an immigration detainee and citizen of Ecuador, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on November 6, 2026. Lopez Cevallos argues, inter alia, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act. Id. at 13–18. As relief, he asks the Court to direct Respondents to release him or alternatively, provide him with an individualized bond hearing. Id. at 19.

On November 9, 2026, the Court granted Lopez Cevallos's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through November 23, 2026. See Temporary Restraining Order (Doc. 4; TRO). The Court advised the parties that it would

consolidate the resolution of the merits of the Petition with the determination of whether to convert the TRO into a preliminary injunction and set a briefing schedule. See id. The Federal Respondents subsequently filed a Response (Doc. 7). And the Warden filed a Motion to Dismiss (Doc. 6), seeking to be dismissed from this action as an improper respondent.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Lopez Cevallos, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Lopez Cevallos was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Lopez Cevallos's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond

hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Lopez Cevallos an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Lopez Cevallos, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

---

[1] Because the Court finds that Lopez Cevallos is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Lopez Cevallos is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

c:
Pro se Petitioner
Counsel of Record